IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LAWRENCE MATHERLY, JR.,** | ) | CASE NO. 7:16CV00459 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DIRECTOR, V.A. D.O.C.,** | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

Lawrence Matherly, Jr., a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Danville City Circuit Court for forcible sodomy, consensual sodomy, and indecent liberties by a custodian. Respondent filed a motion to dismiss Matherly's § 2254 petition, and Matherly responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

### I.    Factual and Procedural Background

In February 2013, the victim's mother discovered troubling Facebook messages between the victim,[1] and Matherly.[2] At Matherly's trial, the victim testified that, in September 2012, Matherly had rubbed her breasts over and underneath her shirt, rubbed her vagina over and underneath her underwear, and then he rubbed his penis "next to my pussy."[3] Trial Tr. vol. 2, 37

---

[1] The victim was a fifteen year old girl that "had serious medical conditions and a 'significant intellectual deficiency.' As a result of her mental disability, the victim's 'mental age' was approximately 'seven years old.' She had 'an inability to understand a lot of life situations . . . appropriate to her age level.'" *Matherly v. Commonwealth*, No. 128-14-3, 2 (Va. Ct. App. Oct. 28, 2014).

[2] At the time, Matherly was the victim's step-father because he was married to the victim's mother.

[3] Matherly had taught her the term. *Matherly*, No. 128-14-3, at 2-3.

(Sep. 25, 2013). Further, the victim stated that Matherly had touched her butt with his hand and had put "his dick . . . in [her] butt," and that Matherly had put "[h]is private in [her] butt" again in January. Trial Tr. vol. 2, at 39. She said that each time Matherly went "[i]n and out" of her, and that she bled when she used the bathroom afterward. *Id.* at 50.

After a bench trial, the Danville City Circuit Court convicted Matherly of two counts of forcible sodomy, two counts of consensual sodomy, and three counts of indecent liberties by a custodian, and sentenced him to an active sentence of twenty-four years. Matherly appealed, but the Virginia Court of Appeals and the Virginia Supreme Court denied his petitions. In 2015, Matherly filed a habeas petition in the Virginia Supreme Court, which the court dismissed on June 29, 2016.

## II. Claims

Matherly raises six claims in his current petition:

1. Petitioner was convicted twice for the same offenses in violation of the Double Jeopardy Clause;

2. The Commonwealth presented no evidence corroborating the complaining witness' testimony;

3. The Commonwealth did not prove the mental incapacity of the complaining witness in violation of the Due Process Clause;

4. The Commonwealth did not prove that a third party was involved in the forcible sodomies in violation of the Due Process Clause;

5. The Commonwealth did not prove that the petitioner was acting in a custodial capacity when he committed the indecent liberties offenses in violation of the Due Process Clause; and

2

> **6.** The prosecution did not disclose exculpatory evidence under Rule 3A:11(b)(1), RPC Rule 3.8(d), and *Brady v. Maryland* 373 U.S. 83 (1963) in violation of the Due Process Clause.

Respondent has conceded that Matherly has exhausted his claims in state court.

### III.    Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (omitting internal quotations).

### IV.    Discussion

#### A.    *Procedural Default*

The United States Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state

3

judgment rests on independent and adequate state procedural grounds.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

On habeas review, the Virginia Supreme Court found Claims 2 through 6 procedurally defaulted under *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). *Parrigan* is an adequate and independent state procedural bar that arises when a petitioner could have raised an issue at trial and on direct appeal, but failed to do so. *See Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006) (*Parrigan* is an adequate and independent bar.). Matherly failed to bring Claims 2 through 6 at trial or during his direct appeal proceedings; therefore, they are procedurally barred under *Parrigan*.

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to prove his actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

4

Matherly never offers any information regarding his failure to prevent his default; therefore, Claims 2 through 6 are barred from federal habeas review.[4]

### B. Merits

In Matherly's only undefaulted claim, he contends that the trial court violated the Double Jeopardy Clause by sentencing him twice for the same offenses under Va. Code §§ 19.2-67.1(A)(2) and 19.2-361(B).

The Fourth Circuit has set forth the principles of the Double Jeopardy Clause as follows:

> The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." In the context of a single criminal prosecution, the clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). This guarantee simply prevents "the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *United States v. Martin*, 523 F.3d 281, 290 (4th Cir. 2008). It does not, however, prohibit the legislature from punishing the same act or course of conduct under different statutes. *Albernaz v. United States*, 450 U.S. 333, 344 (1981).
>
> Thus, when a defendant violates more than one statute in a single course of conduct, a court may impose multiple punishments without violating the Double Jeopardy Clause if the legislature authorizes it to do so. *United States v. Terry*, 86 F.3d 353, 355 (4th Cir. 1996). Ultimately, our "only task is to determine whether Congress intended to impose multiple punishments." *United States v. Chandia*, 514 F.3d 365, 372 (4th Cir. 2008). For "the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them [] resides wholly with the Congress." *Whalen v. United States*, 445 U.S. 684, 689 (1980).
>
> To make that determination, we are guided by the Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1932). "[W]here the

---

[4] In his Response, Matherly states that the state court's decision was contrary to, or involved an unreasonable application of, federal law, and was based on an unreasonable determination of facts. Further, he asks the court to excuse his default because of the failure of his court-appointed attorney to raise the issues during his direct review proceedings. However, he asserts no evidence in support of his claims. "Bare allegations" of constitutional error are not sufficient grounds for habeas relief; the petitioner must proffer evidence to support his claims. *Nickerson v. Lee*, 971 F.2d 1125, 1135 (4th Cir. 1992). Therefore, the court need not address potential excuses for his default. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (holding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

> same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires a proof of a fact which the other does not." *Id.* at 304. When applying this test in multiple punishment cases, our "exclusive focus" is "upon the elements of the statutory provisions in question," not the particular facts of the underlying case. *United States v. Allen*, 13 F.3d 105, 109 n.4 (4th Cir. 1993). If each provision requires proof of a distinct element, "then multiple punishments are presumed to be authorized absent a clear showing of contrary Congressional intent." *Terry*, 86 F.3d at 356 (citing *Albernaz*, 450 U.S. at 340).

*United States v. Ayala*, 601 F.3d 256, 264-65 (4th Cir. 2010).[5]

The Virginia Court of Appeals discussed the issue at length:

> [Matherly] was indicted for and convicted of forcible sodomy, in violation of Code § 18.2-67.1(A)(2), and sodomy, in violation of Code § 18.2-361(B). *See* R. at 71. The crime of forcible sodomy prohibits "cunnilingus, fellatio, anilingus, or anal intercourse when "[t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness or another person, or through the use of the complaining witness's mental incapacity or physical helplessness." Code § 18.2-61.1(A)(2). The Commonwealth prosecuted [Matherly] for forcible sodomy due to the victim's mental incapacity. The crime of sodomy under Code § 18.2-361(B) prohibits carnal knowledge "by the anus or by or with the mouth" of a victim who is the "daughter or granddaughter, son or grandson, brother or sister, or father or mother" of the perpetrator. Step-parents and step-children are included in the definitions of parent and child. Code § 18.2-361(C). Furthermore, "[t]he term 'carnal knowledge' has been construed to include 'any sexual bodily connection, not simply sexual intercourse.'" *Santillo v. Commonwealth*, 30 Va. App. 470, 483, 517 S.E.2d 733, 740 (1999) (quoting *Shull v. Commonwealth*, 16 Va. App. 667, 669, 431 S.E.2d 924, 925 (1993), *aff'd* 247 Va. 161, 440 S.E.2d 133 (1994)).
> 
>     Thus, while both Code §§ 18.2-67.1(A)(2) and 18.2-361(B) prohibit sodomy, § 18.2-67.1(A)(2) requires "the use of the complaining witness's mental incapacity" or other "force, threat or intimidation," and § 18.2-361(B) requires one of the listed familial relationships. In the absence of the victim's mental incapacity, [Matherly] could not be convicted under Code § 18.2-67.1(A)(2). Likewise, in the absence of the familial relationship between [Matherly] and the victim—that of step-father and step-daughter—[Matherly] could not be convicted under Code § 18.2-361(B). Each provision requires an element that the other does not. It is possible for a perpetrator to violate either one of the provisions

---

[5] In *Ayala*, the Fourth Circuit decided that murder conspiracy under 18 U.S.C. § 1959(a)(5) and racketeering conspiracy under 18 U.S.C. § 1962(d) were separate offenses under RICO because "each offense requires proof of at least one fact that the other does not. That is, a jury could find a defendant guilty of one offense without necessarily finding him guilty of the other and vice-versa." 601 F.3d at 265.

6

without violating the other. In this case, therefore, [Matherly]'s acts of sodomizing his mentally incapacitated step-daughter satisfied the elements of two separate offenses: forcible sodomy, in violation of Code § 18.2-67.1(A)(2), and sodomy, in violation of Code § 18.2-361(B).

To the contrary, [Matherly] asserts that this Court has already held that convictions under both Code §§ 18.2-67.1 and 18.2-361, "when they constitute the same criminal act, violate Double Jeopardy provisions." Pet. for Appeal at 15; *see Chaine v. Commonwealth*, 17 Va. App. 179, 436 S.E.2d 187 (1993), *aff'd upon reh'g en banc*, 18 Va. App. 301, 443 S.E.2d 924 (1994). However, since *Chaine* was decided, Code § 18.2-361 has been amended three times. As applicable at the time *Chaine* was decided, Code § 18.2-361 stated:

> If any person shall carnally know in any manner any brute animal, or carnally know any male or female person by the anus or by or with the mouth, or voluntarily submit to such carnal knowledge, he or she shall be guilty of a Class 6 felony; *provided*, that if a parent commits such an act with his or her child, and such child is at least thirteen but less than fifteen years of age at the time of the offense, such parent shall be guilty of a Class 3 felony.

Code § 18.2-361 (1992) (emphasis added). *Chaine* held that "every instance of cunnilingus, fellatio, anallingus [sic], or anal intercourse in violation of Code § 18.2-67[.1](A) also constitutes a violation of Code § 18.2-361." 17 Va. App. at 185, 436 S.E.2d at 191. "By adding the language of the 'provided' clause, the legislature merely decreed an *enhanced punishment*," as opposed to a separate offense, "for a defined class of 'any person' (*i.e.*, a parent) who shall commit the proscribed act with a defined class of persons (*i.e.*, his or her child at least thirteen but less than fifteen years of age)." *Id.* at 184, 436 S.E.2d at 190 (first emphasis added). The *Chaine* court explained further by noting, "That the proviso does not create a separate offense is manifest by the use in the proviso of the terms 'such an act' and 'the offense,' both of which relate back to the offense defined in the main portion of the statute. *Id.* In a situation in which "the defendant is a parent who sodomized his thirteen or fourteen year old child[,] . . . the defendant is guilty under the main portion of [Code § 18.2-361]," but the proviso will function "to enhance the punishment." *Id.* at 184-85, 436 S.E.2d at 190. Thus, when Chaine, who raped and sodomized his thirteen year old daughter, was convicted of forcible sodomy, in violation of Code § 18.2-67.1, "[p[]roof of no additional fact [was] required to sustain a conviction under Code § 18.2-361." *Id.* at 185, 436 S.E.2d at 190-91. His punishment simply would have been enhanced under Code § 18.2-361. For that reason, the *Chaine* court concluded "that Chaine suffered multiple punishments for the same offense in violation of double jeopardy protections." *Id.*

However, in 1993 (after the prosecution of *Chaine* had already begun), the legislature divided Code § 18.2-361 into two subsections. Subsection (A) prohibited carnal knowledge "in any manner" of "any brute animal" and carnal knowledge of "any male or female person by the anus or by or with the mouth,"

7

> while subsection (B) prohibited carnal knowledge "by the anus or by or with the mouth" of the perpetrator's "daughter or granddaughter, son or grandson, brother or sister, or father or mother," with an enhanced penalty provision based on the victim's age. Code § 18.2-361 (1993). When the legislature separated the statute into two subsections, it deleted the "provided" clause containing the terms "such an act" and instead defined the relevant act in each subsection. In 2005, the legislature again amended Code § 18.2-361 to add subsection (C), which specified that step-parents, step-grandparents, step-children, and step-grandchildren were included in the familial relationships mentioned in subsection (B). Code § 18.2-361 (2005). Finally, in 2014 (after the prosecution of [Matherly]), the legislature amended Code § 18.2-361 to eliminate sodomy from subsection (A), leaving on bestiality in subsection (A), without changing subsections (B) or (C). Code § 18.2-361 (2014). That most recent amendment came after the United States Court of Appeals for the Fourth Circuit held that the portion of Code § 18.2-361(A) that "prohibit[ed] sodomy between two persons without any qualification" was unconstitutional in light of the United States Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003). *MacDonald v. Moose*, 710 F.3d 154, 166 (4th Cir. 2013). The Fourth Circuit, recognizing the distinction between subsections (A) and (B) of Code § 18.2-361 (2013), specifically noted that subsection (B), "which criminalized incestuous sodomy involving both minors and adults," as well as the portion of subsection (A) "that outlaws bestiality," "might well survive review under *Lawrence*." *Id.* at 167.
>
> The post-*Chaine* amendments of Code § 18.2-361 completely change the double jeopardy implications of the statute. While the text analyzed by *Chaine* was one section subject to an enhanced punishment proviso, the text under which [Matherly] was prosecuted had two distinct subsections. Each subsection defined the specific elements required for a conviction without cross-referencing the other subsection. Because he sodomized his step-daughter, [Matherly] was indicted for and convicted of sodomy, in violation of Code § 18.2-361(B), which required a familial relationship not relevant to Code § 18.2-67.1(A)(2). Because he took advantage of his step-daughter's mental incapacity, he was also indicted for and convicted of forcible sodomy, in violation of Code § 18.2-67.1(A)(2), which required the victim's mental incapacity—an element wholly irrelevant to Code § 18.2-361(B). Therefore, [Matherly] was convicted of two separate offenses, and his convictions do not violate double jeopardy protections.

*Matherly*, No. 128-14-3, 6-9.

I agree with the state court's comprehensive analysis. At the time of Matherly's prosecution, both Va. Code §§ 18.2-67.1(A)(2) and 18.2-361(B) criminalized the same particular sex acts; however, under *Blockburger*, Matherly's convictions do not violate the Double Jeopardy Clause because each statutory provision required the Commonwealth to prove "a fact

8

that the other does not" regarding the circumstances of the sex act. 284 U.S. at 304. Forcible sodomy pursuant to Va. Code § 18.2-67.1(A) made sodomy with a mentally or physically incapacitated person illegal. Meanwhile, Va. Code § 18.2-361(B) requires the Commonwealth to prove that the sodomy occurred within specific familial relationships, subject to enhancement for victims in a defined age range.

I conclude that the state court's adjudication was not contrary to, or an unreasonable application of, federal law, or an unreasonable determination of facts. Therefore, I grant the motion to dismiss as to Claim 1.

### V.  Conclusion

For the reasons stated, I **GRANT** the motion to dismiss. Matherly's petition is procedurally defaulted as to Claims 2 through 6, and fails on the merits as to Claim 1. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Matherly and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This  27th  day of July, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE